FILED
2015 Nov-16 AM 11:40
U.S. DISTRICT COURT
N.D. OF ALABAMA

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
EASTERN DIVISION

| | |
|---|---|
| **JANICE CLEVELAND,** | ) |
| Plaintiff, | ) |
| vs. | ) Civil Action Number |
| | ) **1:14-cv-02071-AKK** |
| **CAROLYN W. COLVIN,** | ) |
| **COMMISSIONER OF SOCIAL** | ) |
| **SECURITY** | ) |
| **ADMINISTRATION,** | ) |
| Defendant. | ) |

## MEMORANDUM OPINION

Janice Cleveland brings this action pursuant to Section 205(g) of the Social Security Act ("the Act"), 42 U.S.C. § 405(g), seeking review of the final adverse decision of the Commissioner of the Social Security Administration ("SSA"). This court finds that the Administrative Law Judge's ("ALJ") decision–which has become the decision of the Commissioner–is supported by substantial evidence and, therefore, **AFFIRMS** the decision denying benefits.

## I. Procedural History

Cleveland filed her applications for Title II disability insurance benefits and Title XVI Supplemental Security Income on November 16, 2012, alleging a

disability onset date of August 23, 2012 due to cerebrovascular disease, attention deficient hyperactivity disorder, affective disorders, and anxiety disorders.[1] (R. 59, 67). After the SSA denied her applications on March 4, 2013, Cleveland requested a hearing. (R. 96, 110-11). At the time of the hearing on March 10, 2014, Cleveland was 58 years old, had a high school diploma, and past relevant work as a hair stylist. (R. 24, 103). Cleveland has not engaged in substantial gainful activity since August 23, 2012. (R. 98).

The ALJ denied Cleveland's claim on April 7, 2014, which became the final decision of the Commissioner when the Appeals Council refused to grant review on August 26, 2014. (R. 1-5, 93). Cleveland then filed this action pursuant to section 1631 of the Act, 42 U.S.C. § 1383(c)(3). Doc. 1.

## II.  Standard of Review

The only issues before this court are whether the record contains substantial evidence to sustain the ALJ's decision, *see* 42 U.S.C. § 405(g); *Walden v. Schweiker*, 672 F.2d 835, 838 (11th Cir. 1982), and whether the ALJ applied the correct legal standards, *see Lamb v. Bowen*, 847 F.2d 698, 701 (11th Cir. 1988); *Chester v. Bowen*, 792 F.2d 129, 131 (11th Cir. 1986). Title 42 U.S.C. §§ 405(g)

---

[1]Cleveland filed an application for SSI on November 16, 2012 and then an application for Widow's Insurance Benefits (WIB) on November 27, 2012. (R.59, 60, 96).

and 1383(c) mandate that the Commissioner's "factual findings are conclusive if supported by 'substantial evidence.'" *Martin v. Sullivan*, 894 F.2d 1520, 1529 (11th Cir. 1990). The district court may not reconsider the facts, reevaluate the evidence, or substitute its judgment for that of the Commissioner; instead, it must review the final decision as a whole and determine if the decision is "reasonable and supported by substantial evidence." *See id.* (citing *Bloodsworth v. Heckler*, 703 F.2d 1233, 1239 (11th Cir. 1983)).

Substantial evidence falls somewhere between a scintilla and a preponderance of evidence; "[i]t is such relevant evidence as a reasonable person would accept as adequate to support a conclusion." *Martin*, 849 F.2d at 1529 (quoting *Bloodsworth*, 703 F.2d at 1239) (other citations omitted). If supported by substantial evidence, the court must affirm the Commissioner's factual findings even if the preponderance of the evidence is against the Commissioner's findings. *See Martin*, 894 F.2d at 1529. While the court acknowledges that judicial review of the ALJ's findings is limited in scope, it notes that the review "does not yield automatic affirmance." *Lamb*, 847 F.2d at 701.

### III. Statutory and Regulatory Framework

To qualify for disability benefits, a claimant must show "the inability to engage in any substantial gainful activity by reason of any medically determinable

physical or mental impairments which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months." 42 U.S.C. § 423(d)(1)(A); 42 U.S.C. § 416(I).  A physical or mental impairment is "an impairment that results from anatomical, physiological, or psychological abnormalities which are demonstrated by medically acceptable clinical and laboratory diagnostic techniques."  42 U.S.C. § 423(d)(3).

Determination of disability under the Act requires a five step analysis.  20 C.F.R. § 404.1520(a)-(f).  Specifically, the Commissioner must determine in sequence:

(1) whether the claimant is currently unemployed;

(2) whether the claimant has a severe impairment;

(3) whether the impairment meets or equals one listed by the Secretary;

(4) whether the claimant is unable to perform his or her past work; and

(5) whether the claimant is unable to perform any work in the national economy.

*McDaniel v. Bowen*, 800 F.2d 1026, 1030 (11th Cir. 1986).  "An affirmative answer to any of the above questions leads either to the next question, or, on steps three and five, to a finding of disability.  A negative answer to any question, other than step three, leads to a determination of 'not disabled.'"  *Id*. at 1030 (citing 20

C.F.R. § 416.920(a)-(f)). "Once a finding is made that a claimant cannot return to prior work the burden shifts to the Secretary to show other work the claimant can do." *Foote v. Chater*, 67 F.3d 1553, 1559 (11th Cir. 1995) (citation omitted).

Lastly, where, as here, a plaintiff alleges disability because of subjective symptoms, she must meet additional criteria. In this circuit, "a three part 'pain standard' [is applied] when a claimant seeks to establish disability through his or her own testimony of pain or other subjective symptoms." *Holt v. Barnhart*, 921 F.2d 1221, 1223 (11th Cir. 1991). Specifically,

> The pain standard requires (1) evidence of an underlying medical condition and either (2) objective medical evidence that confirms the severity of the alleged pain arising from that condition or (3) that the objectively determined medical condition is of such a severity that it can be reasonably expected to give rise to the alleged pain.[2]

*Id*. However, medical evidence of pain itself, or of its intensity, is not required:

> While both the regulations and the *Hand* standard require objective medical evidence of a condition that could reasonably be expected to cause the pain alleged, <u>neither requires objective proof of the pain itself</u>. Thus under both the regulations and the first (objectively identifiable condition) and third (reasonably expected to cause pain alleged) parts of the *Hand* standard <u>a claimant who can show that his condition could reasonably be expected to give rise to the pain he alleges has established a claim of disability and is not required to produce additional, objective proof of the pain itself</u>. *See* 20 CFR §§ 404.1529 and 416.929; *Hale* [*v. Bowen*, 831 F.2d 1007, 1011 (11th

---

[2] This standard is referred to as the *Hand* standard, named after *Hand v. Heckler*, 761 F.2d 1545, 1548 (11th Cir. 1985).

Cir. 1987)].

*Elam v. R.R. Ret. Bd.*, 921 F.2d 1210, 1215 (11th Cir. 1991) (parenthetical information omitted) (emphasis added).  Moreover, "[a] claimant's subjective testimony supported by medical evidence that satisfies the pain standard is itself sufficient to support a finding of disability." *Holt*, 921 F.2d at 1223.  Therefore, if a claimant testifies to disabling pain and satisfies the three part pain standard, the ALJ must find a disability unless the ALJ properly discredits the claimant's testimony.

Furthermore, when the ALJ fails to credit a claimant's pain testimony, the ALJ must articulate reasons for that decision:

> It is established in this circuit that if the [ALJ] fails to articulate reasons for refusing to credit a claimant's subjective pain testimony, then the [ALJ], as a matter of law, has accepted that testimony as true.  Implicit in this rule is the requirement that such articulation of reasons by the [ALJ] be supported by substantial evidence.

*Hale*, 831 F.2d at 1012.  Therefore, if the ALJ either fails to articulate reasons for refusing to credit the plaintiff's pain testimony, or if the ALJ's reasons are not supported by substantial evidence, the court must accept as true the pain testimony of the plaintiff and render a finding of disability. *Id*.

## IV.  The ALJ's Decision

In performing the Five Step sequential analysis, the ALJ initially determined that Cleveland had not engaged in substantial gainful activity since her

alleged onset date and therefore met Step One. (R. 98). Next, the ALJ acknowledged that Cleveland's severe impairments of status post cerebral infarction, anxiety, depression, and attention deficit hyperactivity disorder met Step Two. *Id.* The ALJ then proceeded to the next step and found that Cleveland did not satisfy Step Three since she "does not have an impairment or combination of impairments that meets or medically equals one of the listed impairments." (R. 99). Although the ALJ answered Step Three in the negative, consistent with the law, *see McDaniel*, 800 F.2d at 1030, the ALJ proceeded to Step Four, where he determined that Cleveland

> has the residual functional capacity [RFC] to perform a full range of work at all exertional levels except that she would be limited to work that requires no more [than] the understanding, remembering and carrying out simple instructions; that activity can be sustained for two hours at a time and with normal breaks (mid-morning, lunch, midafternoon) can be sustained over the course of an eight-hour workday. She should be limited to no more than occasional decision making, occasional changes in the workplace, and occasional interaction with the public, coworkers and supervisors.

(R. 100). In light of Cleveland's RFC, the ALJ determined that Cleveland "is unable to perform any past relevant work," but "there are jobs that exist in significant numbers in the national economy that [Cleveland] can perform." (R. 103). Therefore, because the ALJ answered Step Five in the negative, the ALJ determined that Cleveland is not disabled. (R. 104); *see also McDaniel*, 800 F.2d

at 1030.

## V.  Analysis

The court turns now to Cleveland's contentions that the ALJ erred because he improperly assessed her testimony, and thus her credibility.  More specifically, Cleveland contends that (1) the ALJ's decision is not consistent with Cleveland's longitudinal medical record, (2) the ALJ mis-characterized alleged inconsistencies in Cleveland's work history, and (3) the ALJ improperly valued the opinion of the non-examining physician, Dr. Robert Estock.  For the reasons stated below, the court finds the ALJ's opinion is supported by substantial evidence.

*A. Longitudinal Medical Record*

As her first contention of error, Cleveland challenges the ALJ's credibility determination, that while Cleveland's "impairments could reasonably be expected to cause the alleged symptoms," her "statements concerning the intensity, persistence and limiting effects of these symptoms are not entirely credible." (R. 101). Cleveland disagrees and points to her longitudinal medical record, noting that at every medical visit over a span of a year and a half, she complained of the same series of symptoms involving her memory and concentration. *See* doc. 10 at 5-7. While this may be the case, Cleveland overlooks that "the mere existence of a 'severe' impairment, as determined in step two, does not reveal the extent to which

the impairment limits a claimant's ability to work." *Graham v. Comm'r of Soc. Sec.*, No. 15-10047, 2015 WL 4635889, at *1 (11th Cir. Aug. 5, 2015)*; see Moore v. Barnhart,* 405 F.3d 1208, 1213 n.6 (11th Cir. 2005). Indeed, a "diagnosis alone is an insufficient basis for a finding that an impairment is severe." *Sellers v. Barnhart*, 246 F. Supp. 2d 1201, 1211 (M.D. Ala. 2002). Rather, the determination depends on the impact of the impairment on the claimant's ability to work. *See McCruter v. Bowen*, 791 F.2d 1544, 1547 (11th Cir. 1986)*.* In that respect, it is within the power of the ALJ to compare subjective complaints to the larger medical record, and the ALJ does not err if he finds the subjective testimony is inconsistent with objective medical evidence, and thus unreliable. *See Reeves v. Astrue*, 238 Fed. App'x 507, 514 (11th Cir. 2007).

In evaluating Cleveland's credibility, the ALJ may consider Cleveland's daily activities, frequency of symptoms, and types and dosages of medication. *See Dyer v. Barnhart*, 395 F.3d 1206 (11th Cir. 2005). In Cleveland's case, the ALJ compared Cleveland's subjective testimony to the medical record and found evidence contrary to Cleveland's complaints. As the ALJ noted, no medical report ever showed Cleveland had abnormal physical or neurological medical examinations. (R. 248, 251, 255, 367). Additionally, the psychological consultative examiner, Dr. Robert Kline, gave Cleveland a global assessment

functioning (GAF) score of 85 and found no psychiatric disorder. (R. 344). Cleveland also reported to Dr. Kline her ability to self-control her anxiety, and to participate in broad daily activities. *Id.* This is hardly a record that supports a finding of a severe impairment.

Contrary to Cleveland's contentions, the substantial evidence supports the ALJ's decision to discredit Cleveland's subjective testimony. In all, the ALJ relied on the reports from treating primary care physicians, a treating neurologist, an examining psychologist, and an evaluating psychiatrist that showed that Cleveland had normal physical and neurological reactions, and mild mental health problems controlled by medication. (R. 101-102, 85, 248, 251, 308, 344, 367). Consistent with the medical records, the ALJ determined that Cleveland's impairments were not as severe as alleged.  While Cleveland repeated similar symptoms to various doctors, there is substantial evidence to support the ALJ's determination that the larger medical record did not support claims of severe limitations.

*B. Work History*

Cleveland takes issue next with the ALJ's reliance on alleged inconsistencies in Cleveland's work history reporting, contending that the ALJ erred by using the alleged inconsistencies to invalidate her credibility and complaints of impairments. *See* doc. 10 at 8-9. The court disagrees, in part, because credibility determinations

are the province of the ALJ. *See Moore*, 405 F.3d at 1212 (citing *Wilson v. Heckler*, 734 F.2d 513, 517 (11th Cir.1984)). In that respect, "even if the evidence preponderates against the Secretary's factual findings, [this court] must affirm if the decision reached is supported by substantial evidence." *See Martin v. Sullivan*, 894 F.2d 1520, 1529 (11th Cir.1990). Here, however, the evidence does not preponderate against the ALJ's findings.

First, focusing on the two main points Cleveland raises—the time worked and the amount earned—the ALJ found it inconsistent that Cleveland and her daughter testified that Cleveland worked as a hair dresser for over 30 years, but her Earnings Report showed a history of hairdressing for 42 years with only sporadic earnings. (R. 102, 185). While Cleveland takes issue with the ALJ's focus on Cleveland's daughter's testimony regarding "38 years," *see* doc. 10 at 8, a review of the ALJ's decision shows that he based his analysis largely on the earnings reports, rather than the particular time frame mentioned by Cleveland's daughter. (R. 102). Still, even if Cleveland is correct that the ALJ improperly emphasized that single statement, this fact is inconsequential because it does not mean the ALJ's entire decision is against the weight of the substantial evidence. *See Martin*, 894 F.2d at 1529. After all, the ALJ mentioned other reasons for discrediting Cleveland's complaints of symptoms, including the medical records

from several treating physicians, the failure to seek follow up treatment, Cleveland's reported daily activities, Cleveland's reported improvement with certain medication, and finally Cleveland's inconsistent past work history. (R. 102).

Therefore, while the discrepancy over the amount of time Cleveland has actually worked preponderates in support of Cleveland, the entire reasoning of the ALJ's decision is still supported by substantial evidence.

## C. Dr. Estock's Opinion

Finally, Cleveland contends that the ALJ improperly gave great weight to Dr. Estock's disability determination. Cleveland contends that that ALJ erred because Dr. Estock never examined her, and asserts that his opinion is inconsistent with the larger treatment records. *See* doc. 10 at 9. While Cleveland is correct that the opinion of a non-examining reviewing physician is entitled to little weight, and that the ALJ cannot rely on it alone, s*ee Swindle v. Sullivan*, 914 F.2d 222, 226 n.3 (11th Cir. 1990), Cleveland's contentions are unavailing because the ALJ can look at *all* sources to evaluate Cleveland's subjective testimony. *See* 20 C.F.R. § 404.1529(c)(3) ("We will consider all of the evidence presented, including information about your prior work record, your statements about your symptoms, evidence submitted by your treating or nontreating source, and

observations by our employees and other persons."). Based on the court's review, it is evident that the ALJ largely relied on the medical reports of Cleveland's treating physicians and Cleveland's own self-reporting, rather than primarily on Dr. Estock. *See* (R. 101-02, 248, 251, 308, 344, 367). Moreover the reports of the treating physicians and Cleveland's own reports are consistent with Dr. Estock's findings. Therefore, the ALJ committed no error in giving weight to Dr. Estock's opinions.

Ultimately, Cleveland must meet her burden of proving that she is disabled. *See* 20 C.F.R. § 416.912(c). Notwithstanding Cleveland's unsubstantiated assertions to the contrary, the record evidence simply does not support her disability claim. Therefore, the court finds that the ALJ's decision is supported by substantial evidence.

### VI. Conclusion

Based on the foregoing, the court concludes that the ALJ's determination that Cleveland is not disabled is supported by substantial evidence, and that the ALJ applied proper legal standards in reaching this determination. Therefore, the Commissioner's final decision is **AFFIRMED**. A separate order in accordance with the memorandum of decision will be entered.

Done the 16th day of November, 2015.

                                              _____
                                                   **ABDUL K. KALLON**
                                            UNITED STATES DISTRICT JUDGE